IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARRY THOMPSON,**

    **Plaintiff,**

**v.**                                            **Civil Action No. 1:05CV42**
                                                      **(Judge Keeley)**

**UNITED STATES DEPARTMENT OF
JUSTICE, a/k/a FEDERAL BUREAU OF PRISONS;
HARLEY LAPPIN, DIRECTOR;
D. McADAMS, Unit Manager; and
A. O'DELL, Case Manager,**

    **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I. FACTS

On March 11, 2005, the plaintiff, Barry G. Thompson, an inmate at FCI-Gilmer, filed a *pro se* complaint against the above-named defendants pursuant to <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

The plaintiff asserts that on July 23, 2004, his cell partner, Santana, was moved to another cell, and the plaintiff was given a new cell partner. The plaintiff was told by O'Dell that he must cell with another white inmate only and because Santana is Mexican, the plaintiff should never have been incarcerated with him.

That same day, after the plaintiff approached O'Dell regarding the change in his cell mate,

---

[1] The plaintiff also filed an application for leave to proceed without prepayment of fees. By Report and Recommendation entered on April 15, 2005, the undesigned recommended that the application be denied. On April 21, 2005, the plaintiff paid the full filing fee of $250.00.

the plaintiff was taken to the special housing unit "without violating any prison regulations and without an incident report." According to the plaintiff, he was told that he was placed in the special housing unit because his case manager could not get the B-3 cellblock officer to fabricate an incident report.

According to the plaintiff, Santana was removed as his cell partner only after the plaintiff successfully challenged the arbitrary loss of job sanction he was given.[2] The plaintiff alleges that "as a direct and proximate result of the retaliation and intentional illegal racial segregation on Plaintiff, Plaintiff Barry G. Thompson suffered discrimination, feelings of racial inferiority, humiliation, embarrassment, mental anguish, repeated harassment, demeaning, retaliatory placement in the Special Housing Unit, verbal abuse, paranoid feelings, loss of prison earnings and hostility from other racial groups as well as other injuries and damages which at the time are not fully known."

The plaintiff also asserts that in August 2004, McAdams and O'Dell denied his request for a copy of his presentence report so he could take it to the prison law library. They denied his request pursuant to Program Statement 1351.05 which provides that inmates are prohibited from obtaining and possessing photocopies of their PSR or statement of reasons. According to the plaintiff, the BOP's policy "denied him meaningful access to the courts, reasonable access to legal material, reasonable access to the Court as well as the abrogation of his entitlement to the PSR under the

---

[2] On July 15, 2004, the plaintiff was found guilty of "possession of anything not authorized" because he possessed 64 books of U.S. Stamps. As a result of his violation, the plaintiff received 6 months loss of telephone privileges and 6 months loss of recreation. He was also placed in disciplinary segregation. Upon his release from disciplinary segregation, the plaintiff reported to his work detail in the recreation department. The plaintiff asserts McAdams arbitrarily sanctioned him by imposing a loss of job sanction in addition to the earlier sanctions imposed on him. The plaintiff challenged the loss of job sanctions.

Freedom of Information Act and the inability to prepare effective legal pleadings."

The plaintiff states that he is suing McAdams and O'Dell in their individual capacity for violating his First and Fifth Amendment rights to "petition the Government for a redress of grievances without retaliation or punishment, the right to be free of discrimination, the right to equal protection under the law, and the right to be free of an atmosphere of racial inferiority."

The plaintiff states he is suing the United States Department of Justice and Lappin, in his official capacity, for creating, promulgating and maintaining a "custom and policy that amounts to deliberate indifference and is unconstitutional on its face."

The plaintiff seeks compensatory and punitive damages, and an order from the Court prohibiting the Bureau of Prisons ["BOP"] from enforcing Program Statement 1351.05.

The plaintiff indicated in his complaint that he had exhausted his administrative remedies, but he did not prove exhaustion. Thus, by Order entered on May 2, 2005, the Court ordered the petitioner to provide proof that he had exhausted his administrative remedies. On May 10, 2005, the plaintiff provided proof of exhaustion of his administrative remedies.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P83.02. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§ 1915A[3], the undersigned concludes that the

---

[3] 28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

plaintiff's complaint should be summarily dismissed except with regard to his claim of racial segregation.

## II. ANALYSIS

### A. Standard of Review

A lawsuit filed under section 1983 may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A.

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, under section 1915(e)(2)(B)(i), a claim based on a merit less legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989). The court may also dismiss a claim as "factually frivolous" if the facts alleged are clearly baseless. Denton, 504 U.S. at 32 (1992). In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

Further, an action is malicious when filed with "a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D.Va.1997).

Additionally, dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include

4

claims that were never presented, see Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, the Court must accept as true the allegations set forth by the plaintiff in his complaint. See Perkins v. Kansas Department of Corrections, 165 F.3d 803 (10th Cir. 1999).

**B. Claims Against United States Department of Justice a/k/a Federal Bureau of Prisons**

A Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Steele v. Federal Bureau of Prisons, 355 F. 3d 1204 (10th Cir. 2003). Thus, the United States Department of Justice a/k/a Federal Bureau of Prisons should be dismissed.

**C. Claims Against Lappin**

The plaintiff has sued Lappin in his official capacity regarding a policy. It is not clear from the complaint to which policy the plaintiff is referring. Nonetheless, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits ... 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"); see also, Medley v. Hawk-Sawyer, 133 F.Supp.2d 883, 887 (N.D. W.Va. 2001). A remedy under Bivens is against federal officials in their individual capacity, not the federal government. Id.

Thus, the claims against Lappin should be dismissed.

**D. Claims Against McAdams and O'Dell**

**1. Retaliation**

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the

5

retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, "plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, a plaintiff alleging that government officials retaliated against him in violation of his constitutional rights must demonstrate, *inter alia,* that he suffered some adversity in response to his exercise of protected rights. "American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993). However, inmates do not have a constitutional right to participate in grievance procedures. Adams, 40 F. 3d at 75. Thus, the plaintiff can state no retaliation claim regarding the filing of his grievances and his retaliation claim should be dismissed.

### 2. Racial Segregation

The plaintiff states in his complaint that he was told he could only be celled with a white inmate. Thus, the plaintiff is alleging that he was racially segregated. Racial segregation is subject to strict scrutiny. See Johnson v. California, ___ U.S. _____, 125 S.Ct. 1141 (2005). "Under strict scrutiny, the government has the burden of proving that racial classifications 'are narrowly tailored measures that further compelling governmental interests.'" Id. at 1146.

Accordingly, the plaintiff's racial segregation claim should not be summarily dismissed so the defendants can explain why the plaintiff was racially segregated, if in fact he was.

### 3. PSR/Denial of Access to the Courts

The plaintiff asserts that BOP Program Statement 1351.05 has denied him his constitutional

6

right to access to the Courts and his entitlement to his PSR under the Freedom of Information Act ["FOIA"]. In his Request for Administrative Remedy Informal Resolution, the plaintiff indicates he wants a copy of his PSR to determine if he is entitled to relief under Blakely v. Washington, __ U.S. ___, 124 S.Ct. 2531 (2004).

When alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). "A showing of injury is required in order to avoid adjudication of trivial claims of deprivation." Id. at 1317. Actual injury sufficient to sustain a cause of action for denial of access to the courts is present where, for example, an inmate deprived of legal materials is unable to meet court imposed deadlines as a result of the deprivation. Roman v. Jeffes, 904 F.2d 192, 198 (3d Cir. 1990). However, "the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In Wolff v. McDonnell, 418 U.S. 539 (1974), we extended this universe of relevant claims only slightly, to 'civil rights actions'--i.e., actions under §42 U.S.C. 1983 to vindicate 'basic constitutional rights.'" Lewis v. Casey, 518 U.S. 343, 354 (1996) (citations omitted).

The purpose of Program Statement 1351.05 is to protect inmates from being coerced by other inmates to produce their PSRs for illicit purposes. Under the program statement, inmates will be permitted to review their PSRs but cannot obtain or possess photocopies. The plaintiff asserts that he wanted a copy of his PSR because he is not a "good reader," and he does not know how to "read the elements within the PSR that were utilized by the court to sentence him" so he wanted to review his PSR with a "jail house lawyer." It appears the plaintiff wanted a copy of his PSR so he

7

could raise a Blakely claim in a habeas petition. The plaintiff provides no facts when he was convicted. However, based on the dates he has provided (he arrived at FCI-Gilmer in September 2003 and requested a copy of his PSR in August 2004) the appeal period has passed and even the time for filing a §2255 motion may have passed. Further, the plaintiff should have reviewed his PSR prior to sentencing and would have been present during his sentencing. Thus, the plaintiff should have been aware of factors on which the court based his sentence and that fact, coupled with the fact that he was given the opportunity to review his PSR demonstrates that the BOP's policy does not deny him access to the court.

With regard to the plaintiff's allegation that he is entitled to his PSR under FOIA, there is no indication that the plaintiff made a request under FOIA. Instead, he proceeded through the BOP's Administrative Remedy Program to challenge the denial of his PSR under Program Statement 1351.05.

Under FOIA, a party seeking agency records must comply with the procedures set forth in regulations promulgated by the agency. See 5 U.S.C. §552(a)(3). The Department of Justice Regulations provide that a party "may make a request for records of the Department of Justice by writing directly to the Department component that maintains those records. " 28 C.F.R. §16.3(a). The BOP's regulations provide that FOIA requests must "be made in writing and addressed to the Director, Federal Bureau of Prisons, 320 First Street, N.W., Washington, DC 20534." 28 C.F.R. §513.60.

There is nothing to indicate that the plaintiff exhausted his administrative remedies under FOIA. Thus, to the extent the plaintiff is attempting to raise a claim under FOIA, the undersigned recommends that such be dismissed.

## III. RECOMMENDATION

The undersigned recommends that the plaintiff's complaint against the United States Department of Justice a/k/a the Federal Bureau of Prisons and Harley Lappin be dismissed under 28 U.S.C. § 1915A for being frivolous, and that the plaintiff's retaliation and denial of access to the courts claims be dismissed under 28 U.S.C. 1915A for failure to state a claim. However, it is recommended that the claim regarding racial segregation against Defendants O'Dell and McAdams not be summarily dismissed.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation /Opinion to the *pro se* plaintiff.


DATED:       JUNE 14, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE