FILED

SEP 7 - 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

BARRY THOMPSON

    Plaintiff,

v.

CIVIL ACTION NO. 1:05-CV-42
(Judge Keeley)

UNITED STATES DEPARTMENT OF
JUSTICE, a/k/a FEDERAL BUREAU OF PRISONS;
HARLEY LAPPIN, Director of the Bureau of Prisons;
D. McADAMS, Unit Manager; and
A. O'DELL, Case Manager,,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Barry Thompson ("Thompson"), a prisoner at Federal Correctional Institution- Gilmer ("FCI-Gilmer"), brought this pro se action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) against the United States Department of Justice a/k/a Bureau of Prisons ("BOP"), Harley Lappin, director of the BOP and two prison staff members at FCI-Gilmer. United States Magistrate Judge John S. Kaull recommended that all of Thompson's claims except for his segregation claims against Defendants A. O'Dell and D. McAdams be dismissed. For reasons stated below, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

**THOMPSON V. FEDERAL BUREAU OF PRISONS ET AL**   **1:05CV42**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. Factual and Procedural Background

On March 11, 2005, Thompson filed his pro se complaint, alleging that prison officials at FCI-Gilmer replaced his prior cellmate, who was of Mexican heritage, with a new cellmate who was a non-Hispanic Caucasian. According to Thompson, Defendant O'Dell, his case manager, represented to him that this change had been made because Thompson, who is Caucasian, could only be housed with Caucasian inmates and that it had been a mistake to assign him to a cell with a man of Mexican ancestry. Thompson alleged that this cell reassignment was an act of retaliation against him for successfully challenging a loss of job sanction which had been previously imposed by Defendant McAdams. Relying on numerous provisions of the U.S. Constitution, Thompson asserted that these actions constituted impermissible racial segregation and retaliation by prison officials. Thompson also alleged that Defendants O'Dell and McAdams violated his due process rights and the Freedom of Information Act ("FOIA") by refusing to allow him to possess a copy of his Presentence Report ("PSR").

In accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure, Magistrate Judge Kaull conducted a preliminary review of Thompson's claims and issued a Report and Recommendation on June 15, 2005. Magistrate Judge Kaull

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

recommended that Thompson's complaint against the BOP and Defendant Lappin be dismissed for being frivolous and that his retaliation claim as well as his claim concerning access to the courts and his PSR be dismissed for failure to state a claim. The Magistrate Judge, however, recommended that Thompson's racial segregation claim against Defendants O'Dell and McAdams not be summarily dismissed.

Thompson had ten days from the entry of the Magistrate Judge's Report and Recommendation to file objections to the specific findings and recommendations. On June 22, 2005, Thompson filed timely objections to the Magistrate Judge's recommendation that his Bivens claims against the BOP and Lappin be summarily dismissed for being frivolous. He also objected to the Magistrate Judge's recommendation that his retaliation and access to the courts claims be dismissed for failure to state a claim upon which relief may be granted.

Thompson, however, did not object to the Magistrate Judge's findings and recommendations regarding Thompson's racial segregation claim against Defendants O'Dell and McAdams. Due to the lack of specific objections to these findings and recommendations, the Court need not conduct a de novo review of the Magistrate's analysis or conclusions with respect to that particular issue. See

THOMPSON V. FEDERAL BUREAU OF PRISONS ET AL          1:05CV42

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of <u>those portions</u> of the report or <u>specified proposed findings or recommendations to which objection is made</u>.") (emphasis added); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Thus, the Court adopts the Magistrate's recommendation as to Thompson's racial segregation claim against Defendants O'Dell and McAdams.

## II. Standard of Review

Once a party has filed objections to a magistrate judge's recommendations, a district court must conduct a <u>de novo</u> review of any specific findings or recommendations subject to objections. 28 U.S.C. §636(b)(1); <u>see also</u> Fed. R. Civ. Pro. 72(b). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," may order the taking of additional evidence, or may remand the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. §1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, §1915A provides:

THOMPSON V. FEDERAL BUREAU OF PRISONS ET AL					1:05CV42

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

> (a) Screening.-The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

The language of the statute does not distinguish between prisoners who proceed <u>in forma pauperis</u> and prisoners who pay the requisite filing fee.[1] Therefore, the statute's commands apply to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee. <u>Carr v. Dvorin</u>, 171 F.3d 115 (2nd Cir. 1999); <u>Martin v. Scott</u>, 156 F.3d 578 (5th Cir. 1998); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997); <u>Ricks v. Mackey</u>, 141 F.3d 1185 (10th Cir. 1998).

---

[1] On March 11, 2005, Thompson filed an application for leave to proceed without prepayment of fees. On April 15, 2005, the Magistrate Judge recommended that Thompson's application be denied, and Thompson paid the full filing fee on April 21, 2005.

5

THOMPSON V. FEDERAL BUREAU OF PRISONS ET AL          1:05CV42

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

### III. Analysis

### I. Claims Against BOP and Lappin

In <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. However, it is well-settled that <u>Bivens</u> claims cannot be brought against federal agencies. <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994). Although he states that this Court has federal question jurisdiction over his claims pursuant to 28 U.S.C. §1331(a), Thompson does not refute the Magistrate Judge's finding that <u>Bivens</u>, the source of the substantive law for his claims, does not provide an avenue of relief against federal agencies. Thus, the Department of Justice a/k/a the Bureau of Prisons must be dismissed from this action.

Likewise, <u>Bivens</u> does not authorize suits against officials sued only in their official capacity. <u>Randall v. United States</u>, 95 F.3d 339, 345 (4th Cir. 1996). Accordingly, the Magistrate Judge is also correct in recommending the dismissal of Defendant Lappin because Thompson only sued Lappin in his official capacity.

### II. Claims Against Defendants O'Dell and McAdams

Thompson's claims against Defendants O'Dell and McAdams seek to hold them liable in their individual capacities, and therefore,

6

THOMPSON V. FEDERAL BUREAU OF PRISONS ET AL                 1:05CV42

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

those claims are potentially cognizable under <u>Bivens</u>. However, both Thompson's retaliation and due process claims against these defendants fail as a matter of law.

### A. Retaliation Claims

Although Thompson claims that a grievance is a constitutionally protected activity, in <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), the Fourth Circuit unequivocally held that "there is no constitutional right to participate in grievance proceedings." Retaliation claims "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." <u>Adams</u>, 40 F.3d at 75.

Thompson alleges only that prison officials retaliated against him because he filed grievances against them. Therefore, as the alleged retaliation was not in response to a constitutionally protected right and as the defendant's purportedly retaliatory conduct did not directly violate any constitutional rights, Thompson's retaliation allegation is insufficient to state a legally valid claim.

### B. Denial of Access to the Courts/PSR

Thompson alleges that the BOP Program Statement 1351.05 has denied him his constitutional right to access to the courts and to

his entitlement to his PSR under FOIA. Under Program Statement 1351.05, inmates are permitted to review their PSRs but cannot obtain or possess photocopies. The BOP implemented this policy to protect inmates from being coerced by other inmates to produce their PSRs for illicit purposes.

In a claim alleging denial of access to the courts in violation of the Fifth Amendment due process clause, a plaintiff must show actual injury such as being unable to meet court imposed deadlines as a result of the deprivation. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Thompson only asserts that he wants a copy of his PSR to determine if he is entitled to relief under Blakely v. Washington, 542 U.S. 296 (2004). Thompson, however, has not sought any form of direct or collateral review of his sentence and a review of the record suggests that the time period in which he may file an appeal or a motion pursuant to 28 U.S.C. §2255 had already passed when he requested a copy of his PSR in August, 2004. Furthermore, Thompson was given the opportunity to review his PSR. Therefore, the BOP's policy does not deny Thompson access to the courts.

Although an inmate is entitled to a copy of his PSR from the Department of Justice or the Bureau of Prisons under FOIA, United States Dep't of Justice v. Julian, 486 U.S. 1 (1988), in his

objections, Thompson admits that he failed to file a FOIA request for his PSR with those agencies. Thompson states that, in light of the BOP's Program Statement 1351.05, it would be a futile gesture to file a FOIA request for his PSR. However, making such a request under an agency's regulations is a necessary precondition to filing suit in district court under FOIA. 5 U.S.C. §552(a)(3). Pursuant to 28 C.F.R. §513.60, FOIA requests must be made in writing and addressed to the Direct of the Federal Bureau of Prisons in Washington, D.C. Because Thompson did not file such a request, his complaint also fails to assert a proper FOIA claim.

### IV. Conclusion

For reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendations, **DISMISSES WITH PREJUDICE** Thompson's complaint against the Department of Justice a/k/a the Bureau of Prisons and Defendant Harley Lappin, **DISMISSES WITH PREJUDICE** Thompson's retaliation and denial of access to the courts claims against Defendants McAdams and O'Dell, and **DIRECTS** the Clerk to serve Thompson's complaint, summons, and a copy of this Order on Defendants A. O'Dell and D. McAdams solely with respect to Thompson's racial segregation claim.

THOMPSON V. FEDERAL BUREAU OF PRISONS ET AL          1:05CV42

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is so **ORDERED**.

The Clerk of the Court is directed to mail a copy of this Order to the pro se plaintiff via certified mail, return receipt requested.

DATED: September  6  , 2006.

```
                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE
```