IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BARRY G. THOMPSON,

      Plaintiff,

v.                                  Civil Action No. 1:05cv42

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN, D. McADAMS AND A. O'DELL,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT

On March 11, 2005, pro se plaintiff, Barry G. Thompson ("Thompson"), a federal inmate, filed a civil rights complaint, alleging that prison officials at the Federal Correctional Institution at Gilmer ("FCI-Gilmer") replaced his prior cellmate, who was of Mexican heritage, with a new cellmate who was a non-Hispanic Caucasian. According to Thompson, Defendant A. O'Dell ("O'Dell") represented to him that this change had been made because Thompson, who is Caucasian, could only be housed with Caucasian inmates and that it had been a mistake to assign him to a cell with a man of Mexican ancestry. Thompson asserts that he had lived with his Hispanic cellmate for 13 months prior to that inmate's transfer.

In his complaint, Thompson asserts that Defendant D. McAdams ("McAdams") was the unit manager and O'Dell was the case manager of cell block B-3 at FCI-Gilmer. Thompson further asserts that, when he asked O'Dell to transfer his new cellmate to another cell, she

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

did not respond and subsequently assigned him to the Special Housing Unit.

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation in accordance with the Local Rules of Prisoner Litigation 83.02 et seq. On June 15, 2005, Magistrate Judge Kaull conducted his preliminary review and recommended that all of Thompson's claims should be dismissed except for his racial segregation claim against Defendants McAdams and O'Dell.

On September 7, 2006, the Court adopted the Magistrate Judge's recommendations, and the United States Marshal Service served a summons and Thompson's complaint on McAdams and O'Dell on September 8, 2006. On January 8, 2007, McAdams and O'Dell filed a summary judgment motion, asserting that Thompson had failed to establish personal involvement on the part of each defendant in the alleged racial segregation. Moreover, to support their contention that Thompson could not establish a viable racial segregation claim, they also provided their version of the events that led up to the assignment of a new cellmate on July 23, 2004. The Court issued a Roseboro Notice on January 11, 2007, but Thompson failed to file a response to the defendants' motion.

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT

On June 11, 2007, Magistrate Judge Kaull entered a Report and Recommendation, recommending that Thompson's complaint be dismissed with prejudice.   With respect to Thompson's claim against McAdams, the Magistrate Judge recognized that, under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), liability is personal, based upon each defendant's own constitutional violations.   <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).   Therefore, because Thompson had failed to allege any personal involvement on the part of McAdams in the alleged racial segregation, the Magistrate Judge concluded that McAdams should be dismissed from this case.[1]

With respect to Thompson's claim against O'Dell, Magistrate Judge Kaull concluded that the actions of prison officials were clearly a matter of professional judgment and were "narrowly tailored" to further the compelling governmental interests of safety and security because the undisputed facts establish that the reassignment arose from safety concerns for an inmate. Specifically, the facts establish that an inmate had expressed a fear for his safety that the staff determined was a legitimate threat to the health and safety of that inmate and, staff,

---

[1] Even if Thompson had alleged some type of personal involvement by McAdams in the alleged racial segregation, his claim would still fail based on the same reasons that he fails to state a viable segregation claim against O'Dell.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE CIVIL RIGHTS COMPLAINT**

therefore, authorized a temporary housing reassignment.  Once the inmate's claims had been more thoroughly evaluated, the new inmate was removed and Thompson's original cellmate was returned to Thompson's cell.  Therefore, Magistrate Judge Kaull concluded that Thompson also failed to state a claim upon which relief may be granted against O'Dell.

The Magistrate Judge's Report and Recommendation specifically warned that failure to object to the recommendations would result in the waiver of any appellate rights on this issue.  Nevertheless, Thompson filed no objections to the Report and Recommendation.[2]

Consequently, the Court **ADOPTS** the Report and Recommendation (dkt no. 34) in its entirety, **GRANTS** the defendants' summary judgment motion (dkt no. 32), and **DISMISSES WITH PREJUDICE** Thompson's civil rights complaint.  The Court also **DIRECTS** the Clerk to remove this case from its active docket.

It is **SO ORDERED.**

---

[2] Thompson's failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE CIVIL RIGHTS COMPLAINT**

The Clerk is directed to mail a copy of this Order to the pro
se plaintiff via certified mail, return receipt requested and to
counsel of record.

Dated: July 6, 2007.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE